UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STEVEN DERBIN,

                Plaintiff,

vs.                      Case No.  2:12-cv-670-FtM-29DNF

KEITH M. NATHANSON, PLLC,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and for Sanctions and Costs Pursuant to Fed. R. Civ. P. 11 and 15 U.S.C. 1692k(a)(3) (Doc. #23) filed on February 26, 2013.  Defendant filed an Affidavit (Doc. #26) in support on March 8, 2013.  Plaintiff filed an Answer to Defendant's Motion for Summary Judgment (Doc. #28) on March 15, 2013.  With leave of Court, <u>see</u> Doc. #32, defendant filed a "Further Memorandum of Legal Authority" (Doc. #33) and plaintiff filed a Reply to Defendant's Further Memorandum (Doc. #35).

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party."  <u>Baby Buddies, Inc. v. Toys "R" Us,</u>

<u>Inc.</u>, 611 F.3d 1308, 1314 (11th Cir. 2010).  A fact is "material" if it may affect the outcome of the suit under governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party.  <u>Scott v. Harris</u>, 550 U.S. 372, 380 (2007); <u>Tana v. Dantanna's</u>, 611 F.3d 767, 772 (11th Cir. 2010).

## II.

In or about February 2009, plaintiff Steven Derbin (plaintiff or Derbin) was sued by his former employer in a Michigan state court for conversion, breach of contract, unjust enrichment, and fraud in a case captioned <u>Effective Mailers, Inc. v. Derbin</u>.  (Doc. #33-1.)  All counts arose out of Derbin's alleged conduct as an employee of Effective Mailers, Inc.  On July 7, 2010, the Michigan court issued an Order for Binding Arbitration (Doc. #23-3) appointing attorney Edward M. Olson of the Olson Law Firm as arbitrator and requiring each party to pay one-half of the arbitration fees.  The arbitration proceeding was never held, but Mr. Olson nonetheless claimed a fee for unspecified services rendered.  (Doc. #23, p. 7.)

Defendant Keith M. Nathanson, PLLC, (Nathanson), a law firm in Waterford, Michigan[1], was retained by the Olson Law Firm to collect arbitration fees stemming from <u>Effective Mailers, Inc. v. Derbin</u>.

---

[1]Doc. #16, ¶¶ 3, 4.

Nathanson asserts that, on or about March 30, 2012, it sent an initial demand letter to plaintiff at his Shelby Township, Michigan address.  (Doc. #23-2; Doc. #26, ¶ 6.)  Plaintiff, however, had moved to Florida in 2011.  (Doc. #28-1, ¶ 3.)  Nathanson asserts that on or about May 1, 2012, it sent the same letter to plaintiff at a Romeo, Michigan address providing the following:

> . . .
>
> **PLEASE BE ADVISED THAT THIS CORRESPONDENCE IS AN ATTEMPT TO COLLECT A DEBT, AND ANY AND ALL INFORMATION OBTAINED BY THIS OFFICE WILL BE USED FOR THAT PURPOSE.**
>
> We have been retained in [Olson Law Firm v. Steven Derbin] with reference to an outstanding balance due and owing to Olson Law Firm, in the amount of $500.00.
>
> Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by this office.  If you notify this office, in writing, within the thirty (30) day period, that the debt, or any portion thereof is disputed, this will obtain a verification of the debt or a copy of a judgment against you, and a copy of such verification or judgment will be mailed to you by this office.  In addition, upon your written request, within thirty (30) day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> . . .
>
> This office is a debt collector, and this is a communication from a debt collector.
> CC:  Olson Law Firm

(Doc. #16, ¶ 5; Doc. #23-2; Doc. #28-3, Exh. C.)

On or about June 13, 2012, plaintiff responded[2] that he did not have notice of the letter until June 5, 2012, when a family member who resides at the Romeo, Michigan address delivered the letter to him in person, and that he in fact disputed any claims of a debt by defendant. Plaintiff also requested validation of the debt in his responsive letter. (Doc. #28-4, Exh. D.)

In response, Nathanson sent an invoice dated November 1, 2011, reflecting a balance of $1,109.78 on the letterhead of Olson Law Firm. (Doc. #28-5, Exh. E.) No description of the services rendered was contained in the invoice.

On or about July 6, 2012, plaintiff sent a letter response stating that the invoice was unclear and failed to validate the debt, and more information was required or a suit would be filed under the FDCPA. (Doc. #28-6, Exh. F.) No additional information was forthcoming.

On November 28, 2012, plaintiff filed a Complaint for Damages and Attorney's Fees (Doc. #2) in Lee County, Florida Small Claims Court against Keith M. Nathanson, PLLC. In the Complaint, plaintiff alleges that defendant violated the Fair Debt Collection Practices Act (FDCPA) by failing to provide proper validation notice, failing to include a debt collection warning, failing to cease communication upon notification that the debt was disputed, harassing plaintiff, using false or deceptive means to collect,

---

[2]Doc. #16, ¶ 6.

making false representations as to the character, amount, or legal status of the debt, threatening plaintiff, using unconscionable means to collect, and communicating with plaintiff while knowing he was represented by counsel. Plaintiff seeks damages not exceeding $1,000, plus costs and attorney's fees. Defendant removed the case to federal court on December 17, 2012.

On January 16, 2013, the Michigan court issued an Order Granting in Part Defendant's Motion to Set Aside Order for Arbitration (Doc. #28-2, Exh. B.) This Order struck Mr. Olson as the arbitrator, directed the parties to agree on a new arbitrator, and to proceed to arbitration. The Order concluded by stating: "There are no costs or fees to either party." (Id.) The parties dispute whether costs or fees incurred by the arbitrator before Mr. Olson was stricken are still owed under the first Order.

## III.

Defendant seeks summary judgment because the arbitration fees are not a "consumer debt" under the Fair Debt Collection Practices Act (FDCPA), ands therefore the FDCPA does not apply. Alternatively, defendant argues that even if considered a qualifying consumer debt, defendant voluntarily complied with the statutory requirements of the FDCPA. Plaintiff responds that the debt is a "consumer debt" because he was sued individually by his former employer, Effective Mailers. Plaintiff further argues that

he does not owe the debt, since he did not agree to the services of the arbitrator.

## A. Fair Debt Collection Practices Act

The Fair Debt Collection Practices Act (FDCPA) was created in part to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). For the FDCPA to apply, "a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 837 (11th Cir. 2010). The mere obligation to pay money does not constitute a "debt" under the FDCPA. Id. at 837. Rather, a "debt" is defined by statute as:

> any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). Thus the FDCPA applies "only to payment obligations of a (1) *consumer* arising out of a (2) *transaction* in which the money, property, insurance, or services at issue are (3) *primarily for personal, family, or household purposes*." Oppenheim, 627 F.3d at 837 (emphasis in original). See also Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1371 (11th Cir. 1998).

## B. Application to This Case

In this case, plaintiff was sued individually in a lawsuit arising out of his employment, during which (viewing the facts in the light most favorable to the non-moving party) he did not agree

to pay for the services of an arbitrator. The arbitrator seeks to collect an arbitration fee. That alleged obligation to pay is not a "debt" within the meaning of the FDCPA because it satisfies none of the three requirements. The money at issue was not from plaintiff's activities as a consumer, but from his alleged activities as an employee. Additionally, the alleged obligation to pay money did not arise from a "transaction" because, at least from plaintiff's perspective, there was no business dealing or other consensual obligation to pay. Oppenheim, 627 F.3d at 837-38. In fact, the debt was imposed by a court order and therefore could not constitute a transaction. Finally, nothing about the state court case was primarily for personal, family or household purposes. The state court case involved allegations of breach of a business contract and various torts. The Court finds that summary judgment is appropriate because the undisputed facts show the alleged obligation to pay is not a "debt" within the FDCPA. Summary judgment will therefore be entered in favor of defendant.

## C. Sanctions and Costs

Defendant seeks costs and fees pursuant to Federal Rule of Civil Procedure 11 asserting that the Complaint is patently frivolous. (Doc. #23, ¶¶ 9, 12, 15, 16.) Defendant provided plaintiff the requisite notice under Rule 11(c)(2). (Id., ¶¶ 10-11.) Neither side has cited a factual pattern which is the same or similar to this case, and plaintiff's Complaint does not violate

Fed. R. Civ. P. 11(b).  Simply being incorrect is not subject to sanctions under Rule 11.

The Court also finds that the case is not clearly brought in bad faith or for purposes of harassment.  Therefore, defendant is also not entitled to an award under 15 U.S.C. § 1692k(a)(3).  The request for attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) and/or Fed. R. Civ. P. 11 is denied.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 and for Sanctions and Costs Pursuant to Fed. R. Civ. P. 11 and 15 U.S.C. 1692k(a)(3) (Doc. #23) is **GRANTED IN PART AND DENIED IN PART.**  Summary judgment is entered in favor of defendant Keith M. Nathanson, PLLC, and plaintiff shall take nothing.  The request for sanctions, attorney fees, and costs is denied.

2.  The Clerk of the Court shall enter judgment accordingly, terminate all deadlines, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __30th__ day of September, 2013.

_John E. Steele_

JOHN E. STEELE
United States District Judge

Copies:
Parties of record